IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CRAIG CARTER,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          1:17CV148
                                 )
CITY OF HIGH POINT,              )
                                 )
          Defendant.             )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

In its July 6, 2018 Amended Order, (Doc. 45), this court granted Defendant's Motion to Compel [Discovery] and ordered Plaintiff to respond to Defendant's First Set of Interrogatories and First Request for Production of Documents, (Doc. 36-1), within fourteen (14) days of service of the order. Plaintiff was warned that "[f]ailure to comply with this order will result in dismissal of this case with prejudice without further notice. (Doc. 45 at 9.) Defendant's Motion to Dismiss for Lack of Prosecution, (Doc. 38), was taken under advisement until the time for Plaintiff to comply with the court's order had expired. (Doc. 45 at 1.)

Plaintiff failed to comply. On July 30, 2018, after the time to comply had expired, Plaintiff filed a "Motion for

extension of time to seek furter [sic] representation on this matter" and requested six months to do so. (Doc. 46.) Plaintiff did not provide any justification for the request, address his failure to comply with this court's Amended Order, or address any of his previous failures to prosecute as outlined in the Amended Order. (Doc. 45.)

Defendant responded in opposition to Plaintiff's motion, arguing that Plaintiff has not shown excusable neglect as required under Fed. R. Civ. P. 6(b)(1)(B) for his failure to comply with this court's previous order that Plaintiff obtain substitute counsel or file a notice of intent to proceed pro se. (Doc. 47.)

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Excusable neglect may be shown taking into circumstances including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

This court concludes that all factors weigh against a finding of excusable neglect. Defendant has been prejudiced in the form of wasted time and attorneys' fees. Plaintiff failed to make his request for an extension of time to obtain substitute counsel until months after this court's previously-ordered deadline. Plaintiff has already failed to comply with multiple orders of this court and has been specifically warned that failure to comply with this court's July 6, 2018 Amended Order would "result in dismissal of this case with prejudice without further notice." (Doc. 45 at 9.) Plaintiff offered no reason for the delay in obtaining substitute counsel or the delay in complying with this court's orders, and so there is nothing to suggest the delay was beyond his control. Finally, this court concludes that Plaintiff has not acted in good faith. For these reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for extension, (Doc. 46), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss for lack of prosecution, (Doc. 38), is **GRANTED** and that this case is **DISMISSED WITH PREJUDICE.**

A judgment consistent with this Order will be entered contemporaneously herewith.

This the 29th day of August, 2018.

/s/ William L. Osteen, Jr.
United States District Judge